A97A1902. IN THE INTEREST OF N. C. et al., children.
(492 SE2d 895)

McMURRAY, Presiding Judge.

Appellant-respondent, the natural mother, appeals from the judgment of the juvenile court terminating her parental rights in her minor children, S. C., A. C., and N. C., on the grounds of parental misconduct and inability to care for her children. OCGA § 15-11-81 (b) (4) (A) (i)-(iv).

Appellant disputed only two allegations of the termination petition. Viewed in the light most favorable to the juvenile court's disposition, the evidence adduced below reveals the following: Immediately upon birth in January 1993, temporary custody of A. C., the youngest child, was placed in the Gwinnett County Department of Family & Children Services. A. C. was a deprived child, because both appellant and the infant tested positive for cocaine at A. C.'s birth. According to Liz Query, a Social Service Specialist with the Gwinnett

County DFACS, appellant "gave birth to A. C. in a parking lot at the hospital [and] admitted to Officer Eberhardt that she had smoked three rocks of cocaine at that time." In April 1993, N. C. and S. C. were taken into protective custody after appellant "was arrested. There was an outstanding warrant on her, the officer went to the home, the home was in deplorable condition, no power, no food, no electricity, one of the children was sick. At that time, the children were deprived."

On stationery from the Gwinnett/Rockdale/Newton Mental Health, Mental Retardation, Alcohol & Drug Services, appellant falsified a letter reciting that she had completed a six-week drug rehabilitation program and recommending the return to appellant of her children. Liz Query testified "the children were placed back in [appellant's] home in October [1993], and then the children were picked back up again about a week and a half later, due to . . . another outstanding warrant for [appellant] . . . for forgery." "They were returned [to appellant] in February [1994, but have] been re-deprived twice or placed back into care. So they have basically been back in care since June of '94 and have not returned back home. The visitation has been very sporadic. [Appellant has] had about three visits since 1995, and there's not been a completion of drug and alcohol treatment. [DFACS] searched for relatives, [talked] to relatives for three years. No one seems to really be willing to make a serious commitment to these children. [DFACS is] making some permanent plans for the children."

Other evidence showed that appellant was recently arrested for shoplifting; that her probation had been revoked again; that she has not maintained stable employment; and that she has failed to make child support payments. In the expert opinion of Liz Query, the Social Service Specialist, "[i]f they [the children] were returned to the home, . . . they [would] be at risk of further deprivation."

In her sole enumeration of error, appellant contends the juvenile court erred in terminating her parental rights "due to the lack of clear and convincing evidence that the deprivation is likely to continue." *Held*:

The facts must be enough to show by clear and convincing evidence that the deprivation found would likely continue and likely cause serious harm to the child. OCGA § 15-11-81 (b) (4) (A) (iii-iv). It is true that a "recurring pattern of drug abuse, crime and incarceration [standing alone was held to amount to] no compelling evidence . . . which would clearly convince a rational trier of fact that the child's past deprivation will continue so as to authorize the total termination of the mother's parental rights. [Cits.]" *In re N. F. R.*, 179 Ga. App. 346, 347 (2), 348-349 (346 SE2d 121). But in that case, that natural mother "had been off drugs for a year, was attending counsel-

ing and working 14-16 hours a day. . . ." Id. at 347 (2).

In the case sub judice, in addition to appellant's refusal or inability to complete drug rehabilitation, she is not gainfully employed. There is nothing to indicate that she can support her children and that they will not once again be left alone in deplorable conditions, without power and heat. "In a case such as this, a plea of 'six more months' to improve is without force to overcome the proof of unrelieved detriment already suffered by the children for their entire [lives], where there is no indication but the promise to suggest hope of improvement. [Cit.]" *In re G. M. N. & D. M. N.*, 183 Ga. App. 458, 461 (359 SE2d 217). A rational trier of fact could reasonably have found by clear and convincing evidence proof of appellant's parental inability which is likely to go unremedied, as is required by OCGA § 15-11-81 (b) (4) (A) (iii). *In the Interest of D. T.*, 221 Ga. App. 328, 329 (1), 330 (471 SE2d 281).

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED OCTOBER 21, 1997.

*Sherriann H. Hicks*, for appellant.

*Thurbert E. Baker, Attorney General, Jeffrey L. Milsteen, Deputy Attorney General, William C. Joy, Senior Assistant Attorney General, Shalen A. Sgrosso, Stephanie M. Baldauff, Assistant Attorneys General, Joyner & Burnette, John C. Joyner, Kathryn C. Reeder, Laurie G. Mayer*, for appellee.